77512

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| **BARBARA KELLUM,** | ) | |
| **CHRISTOPHER BRADLEY,** | ) | |
| **I.B. (a minor) by and through her Legal** | ) | |
| **    Guardian Cynthia Simpson,** | ) | |
| **J.B. (a minor) by and through her** | ) | |
| **    mother and Next Friend Tianna** | ) | |
| **    Wedderburn, and** | ) | |
| **S.B. (a minor) by and through her** | ) | |
| **    mother and Next Friend Brittney** | ) | Case No. 1:20-CV-00023 |
| **    Britt,** | ) | |
| **as Beneficiaries of Decedent Michael** | ) | |
| **    Byrd,** | ) | |
| | ) | |
| **            Plaintiffs,** | ) | **NOTICE OF REMOVAL** |
| **vs.** | ) | |
| | ) | |
| **NATIONWIDE INSURANCE** | ) | |
| **    COMPANY OF AMERICA, and** | ) | |
| **GILSTER-MARY LEE** | ) | |
| **    CORPORATION GROUP HEALTH** | ) | |
| **    BENEFIT PLAN** | ) | |
| | ) | |
| **            Defendants.** | ) | |
| | ) | |

## NOTICE OF REMOVAL
## BY DEFENDANT GILSTER-MARY LEE CORPORATION GROUP HEALTH BENEFIT PLAN

COMES NOW Defendant Gilster-Mary Lee Corporation Group Health Benefit Plan (the "Health Plan"), by and through undersigned counsel, and hereby removes this action from the Circuit Court for Cape Girardeau County, Missouri (hereafter, the "State Court"). The grounds for this removal are as follows:

1.   Plaintiffs commenced this action on or about November 12, 2019, in the Circuit Court for Cape Girardeau County, Missouri, in the cause styled: *Barbara Kellum, Christopher*

*Bradley, I.B. (a minor) by and through her Legal Guardian Cynthia Simpson, J.B. (a minor) by and through her Mother and Next Friend Tianna Wedderburn, S.B. (a minor) by and through her mother and Next Friend Brittney Britt, as Beneficiaries of Decedent Mychal Byrd v. Nationwide Insurance Company of America* Case No. 19CG-CC00309 (the "State Court Action").

2. Plaintiffs' petition requests the State Court to adjudicate the Health Plan's subrogation lien and determine the amount to be paid to the Health Plan.

3. Specifically, paragraph 9(a) of the petition requests "[t]he court to determine the amount that Healthscope Benefits [sic] is entitled to pursuant to their lien."

4. For purposes of clarification, HealthSCOPE Benefits is the third-party administrator for the Health Plan. The Health Plan is the real party in interest which may sue and be sued pursuant to 29 U.S.C. § 1132(d)(1).

5. In their petition Plaintiffs state that they have resolved any and all claims with Defendant Nationwide Insurance Company of America ("Nationwide Insurance").

6. According to the face of the petition, the only issue pending in the State Court action is the adjudication and determination of the Health Plan's subrogation lien.

7. The Health Plan was not made a party to the petition.

8. On or about January 10, 2020 the Health Plan moved to intervene as a party defendant in the State Court action in order to assert and protect its subrogated interest.

9. On January 13, 2020, the State Court granted the Health Plan's motion to intervene.

10. The Health Plan therefore became a defendant in the State Court action on January 13, 2020.

Page 2 of 6

77512

11. The Health Plan's removal is therefore timely under 28 U.S.C. § 1446(b)(3) as its Notice of Removal is filed within 30 days after receipt of a "paper from which it may first be ascertained that the case is one which is or has become removable."

12. The Health Plan is an employer-sponsored employee welfare benefit plan, governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§1001, *et seq.* (A copy of the Health Plan's plan document and summary plan description is attached hereto as Exhibit A.)

13. The face of Plaintiffs' petition makes no reference to federal law or ERISA.

14. For purposes of removal jurisdiction, the United States Supreme Court holds that, "It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) *citing Gully v. First National Bank,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936).

15. Further, "under the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the *plaintiff* 's complaint establishes that the case 'arises under' federal law." *Id*. (emphasis in original).

16. However, a notable exception to the well-pleaded complaint rule falls under the doctrine of complete preemption. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. at 64. Complete preemption is often applied in ERISA cases, whereby federal law completely preempts the state law cause of action, converting the state law claim into a federal question permitting removal. *Id*.

17. Citing United States Supreme Court precedent, the Eighth Circuit Court of Appeals has noted "the Supreme Court held that the comprehensive civil remedies in § 502(a) of ERISA,

29 U.S.C. § 1132(a), completely preempt state law remedies." *Lyons v. Philip Morris Inc.*, 225 F.3d 909, 912 (8th Cir.2000), citing *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 52–56, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987).

18. In *Lyons*, several ERISA employee benefit plans filed suit in state court against various tobacco companies, seeking to recover medical expenses associated with tobacco-related illnesses. *Lyons*, 225 F.3d at 911.

19. The plaintiffs in *Lyons* alleged state law claims. *Id.*

20. The Eighth Circuit affirmed the district court's denial of a motion to remand on the basis that the plaintiffs were essentially pursuing a subrogation action under Section 502(a) of ERISA. *Id*. at 913.

21. The Eighth Circuit in *Lyons* therefore held that the case involved a federal question under ERISA, resulting in complete preemption such that the action was properly removed. *Id.*

22. In the instant case, the adjudication of the Health Plan's ERISA subrogation lien involves a federal question under ERISA and federal common law which completely preempts the application of any state law.

23. Accordingly this case is a civil action for which this Court has original jurisdiction under 28 U.S.C. §1331 and is one which the Health Plan is entitled to remove to this Court under 28 U.S.C. §1441 because this action includes a claim arising under the laws of the United States, specifically ERISA.

24. Removal to this Court is proper because this is the "district and division embracing the place where [the state court] action is pending." 28 U.S.C. §1441(a).

25. Attached hereto are copies of all pleadings and filings made in the Circuit Court for Cape Girardeau County, Missouri.

77512

26.     Promptly after the filing of this Notice, the Health Plan will give written notice thereof to all Plaintiffs and will file a copy of this Notice with the Circuit Court for Cape Girardeau County.

WHEREFORE, Defendant Gilster-Mary Lee Corporation Group Health Benefit Plan hereby gives notice that the above-captioned action filed by Plaintiffs in the Circuit Court for Cape Girardeau County, Missouri, is hereby removed to this Court.

Respectfully submitted,

GUSDORF LAW FIRM, LLC

By: /s/ *Thomas R. Carnes*
THOMAS R. CARNES, #MO41570
Attorneys for Defendant Gilster-Mary Lee
Corporation Group Health Benefit Plan
9666 Olive Blvd., Suite 211
St. Louis, MO 63132
Tel. (314) 942-6571 / fax (314) 942-6567
email: tcarnes@attystl.com
Our File No. 77512

77512

<u>Certificate of Service</u>

The undersigned hereby certifies that a copy of the foregoing was served on February 3, 2020 via email and also by regular U.S. mail, postage prepaid, to:

Matthew Temper
Law Office of Michael P. McDonald, Jr.
3636 South Geyer Road, Suite 250
St. Louis, MO 63127
E-mail:  tempm21@nationwide.com
*Attorney for Defendant Nationwide Insurance Company of America*

The undersigned further certifies that a copy of the foregoing was served on February 3, 2020 via regular U.S. mail, postage prepaid, to:

Barbara Kellum
1825 Evondale St.
Cape Girardeau, MO 63701

Christopher Bradley
127-03 Jamaica Ave. Apt. 2H
Richmond Hill, NY 11418

I.B. (a minor)
c/o Cynthia Simpson
213 Orange Avenue
Irvington, NJ 07111

J.B. (a minor),
c/o Tianna Wedderburn
1560 Canary Island Dr.
Weston, FL 33327

S.B. (a minor)
c/o Brittney Britt
409 Prospect
Lancaster, PA 17603

/s/ *Thomas R. Carnes*