**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| **BARBARA KELLUM, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Case No. 1:20-cv-23-SNLJ** |
| ) | |
| **NATIONWIDE INSURANCE COMPANY** ) | |
| **OF AMERICA, and GILSTER-MARY LEE** ) | |
| **CORPORATION GROUP HEALTH** ) | |
| **BENEFIT PLAN,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

On November 12, 2019, plaintiffs in this matter filed a petition in the Circuit Court

for Cape Girardeau County, Missouri, seeking approval of their settlement with

Nationwide Insurance Company of America related to their insured's death in a motor

vehicle accident. Defendant Gilster-Mary Lee Corporation Group Health Benefit Plan

("Health Plan") paid $474,218.24 in medical expenses as a result of the insured's

accident, and the Health Plan sought to impose a lien on any insurance funds. Plaintiffs'

petition seeks adjudication of the Health Plan's subrogation lien, but it did not name the

Health Plan as a party.  The Health Plan filed a motion to intervene as a defendant in the

state court action on January 10, 2020.  That motion was granted, and the Health Plan

removed the case to this Court and filed its Answer, Counterclaim against plaintiffs, and

a Crossclaim against defendant Nationwide. Plaintiffs have not responded to the

counterclaim, and Nationwide has not responded to the crossclaim.

The Health Plan filed a combined motion for summary judgment on its subrogation lien and default judgement on May 12, 2020. [#9.] No party has filed a response. Notably, the plaintiffs are not represented by counsel. The petition filed in state court was signed by the plaintiffs, but it was apparently authored by counsel for defendant Nationwide.

## I.      Factual Background

The following facts are undisputed. The decedent, Mychal Byrd, was a covered person under the Health Plan when he was injured in a motor vehicle accident. The Health Plan paid out $474,218.24 pursuant to the terms of the Plan. The Health Plan contains a section entitled "THIRD PARTY RECOVERY, SUBROGATION AND REIMBURSEMENT," which provides, in pertinent part, as follows:

> The Plan, in its sole discretion, may elect to conditionally advance payment of benefits in those situations where an injury, sickness, disease or disability is caused in whole or in part by, or results from the acts or omissions of Plan Participants, and/or their dependents, beneficiaries, estate, heirs, guardian, personal representative, or assigns (collectively referred to hereinafter in this section as "Plan Participant(s)") or a third party, where any party besides the Plan may be responsible for expenses arising from an incident, and/or other funds are available, including but not limited to no-fault, uninsured motorist, underinsured motorist, medical payment provisions, third party assets, third party insurance, and/or guarantor(s) of a third party (collectively "Coverage").

> The terms of the Health Plan further provide as follows:

> By accepting benefits the Plan Participant(s) agrees the Plan shall have an equitable lien on any funds received by the Plan Participant(s) and/or their attorney from any source and said funds shall be held in trust until such time as the obligations under this provision are fully satisfied. The Plan Participant(s) agrees to include the Plan's name as a co-payee on any and all settlement drafts.

The terms of the Health Plan require reimbursement to The Health Plan as follows:

> In the event a Plan Participant(s) settles, recovers, or is reimbursed by any Coverage, the Plan Participant(s) agrees to reimburse the Plan for all benefits paid or that will be paid by the Plan on behalf of the Plan Participant(s). If the Plan Participant(s) fails to reimburse the Plan out of any judgment or settlement received, the Plan Participant(s) will be responsible for any and all expenses (fees and costs) associated with the Plan's attempt to recover such money.

The Health Plan's terms expressly and specifically abrogate the common fund, make whole, and all other legal and/or equitable doctrines:

> The Plan shall be entitled to recover 100% of the benefits paid, without deduction for attorneys' fees and costs or application of the common fund doctrine, make whole doctrine, or any other similar legal theory, without regard to whether the Plan Participant(s) is fully compensated by his/her recovery from all sources.

The Health Plan's terms and conditions further provide as follows:

> Benefits paid by the Plan, funds recovered by the Plan Participant(s), and funds held in trust over which the Plan has an equitable lien exist separately from the property and estate of the Plan Participant(s), such that the death of the Plan Participant(s), or filing of bankruptcy by the Plan Participant(s), will not affect the Plan's equitable lien, the funds over which the Plan has a lien, or the Plan's right to subrogation and reimbursement.

The Health Plan's equitable lien also attaches to any wrongful death or survivorship claim:

> In the event that the Plan Participant(s) dies as a result of his or her injuries and a wrongful death or survivor claim is asserted against a third party or any Coverage, the Plan's subrogation and reimbursement rights shall still apply.

In addition, both Mr. Byrd (through plaintiff Kellum) and plaintiff Kellum expressly acknowledged and agreed to the subrogation and reimbursement rights of the Health Plan on an Accident Questionnaire dated August 30, 2018.  In that document, they agreed to give the Health Plan an equitable lien and constructive trust over any and all monies to be received in relation to Mr. Byrd's motor vehicle accident.

Defendant Nationwide has agreed to tender $50,000 in policy limits to the plaintiffs.

## II.    Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56(a), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op. Inc.*, 838 F.2d 268, 273 (8th Cir.1988). After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth affirmative evidence and specific facts by affidavit and other evidence showing that there is a genuine dispute of a material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex*, 477 U.S. at 324. "A dispute about a material fact is 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Herring v. Canada Life*

4

*Assur. Co.,* 207 F.3d 1026, 1030 (8th Cir. 2000) (quoting *Anderson,* 477 U.S. at 248). A party resisting summary judgment has the burden to designate the specific facts that create a triable controversy. *See Crossley v. Georgia–Pacific Corp.,* 355 F.3d 1112, 1114 (8th Cir. 2004).

## III.   Discussion

Under 29 U.S.C.  § 1132(a)(3), an employee welfare benefit plan may bring a civil action "to obtain other appropriate equitable relief" to enforce the terms of the plan.  An equitable lien by agreement constitutes such equitable relief.  *Sereboff v. Mid Atl. Med. Services, Inc*., 547 U.S. 356, 364-65 (2006).  It is clear that, here, the terms of the Health Plan, identified above, provide for an "equitable lien on any funds received by the Plan Participant(s) and/or their attorney from any source."  In addition, the insured, thorough his representative plaintiff Kellum, agreed that the Health Plan had the right of first reimbursement out of any recovery obtained relating to the accident.

An equitable lien by agreement must identify a particular fund distinct from the insured's general assets.  *Id.* at 364. Defendant Nationwide has agreed to tender the $50,000 in insurance proceeds to plaintiffs.  Defendant Health Plan has identified those proceeds as the specific fund to which the Health Plan's equitable lien attaches.

The Health Plan has established that it is entitled to enforcement of the equitable lien by agreement and therefore to the $50,000 in insurance proceeds.  Notably, no party has opposed the Health Plan's motion, and this Court can see no reason why it should not

be entitled to judgment.  In light of this determination, this Court does not need to consider the Health Plan's motion for default judgment.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Gilster-Mary Lee Corporation Group Health Benefit Plan motion for summary judgment [#8] is GRANTED.

**IT IS FURTHER ORDERED** that defendant Gilster-Mary Lee Corporation Group Health Benefit Plan's motion for default judgment [#8] is DENIED as moot.

Dated this  13th  day of July, 2020.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE