UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BARBARA KELLUM, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.  ) | Case No. 1:20-cv-23-SNLJ |
| ) | |
| NATIONWIDE INSURANCE COMPANY ) | |
| OF AMERICA, and GILSTER-MARY LEE ) | |
| CORPORATION GROUP HEALTH ) | |
| BENEFIT PLAN, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This Court granted summary judgment to defendant Gilster-Mary Lee Corporation Group Health Benefit Plan ("Health Plan") on July 13, 2020. The motion was granted after consideration of the defendant Health Plan's unopposed motion. On July 31, 2020, plaintiff Barbara Kellum filed a motion for reconsideration, but that motion has not been joined by the other plaintiffs. The matter has been fully briefed and is now ripe for reconsideration.

**I.  Procedural Background**

On November 12, 2019, plaintiffs filed a petition in the Circuit Court for Cape Girardeau County, Missouri, seeking approval of their settlement with Nationwide Insurance Company of America related to their insured's death in a motor vehicle accident. Defendant Gilster-Mary Lee Corporation Group Health Benefit Plan Health Plan paid $474,218.24 in medical expenses as a result of the insured's accident, and the

Health Plan sought to impose a lien on any insurance funds. Plaintiffs' petition seeks adjudication of the Health Plan's subrogation lien, but it did not name the Health Plan as a party.  Plaintiff Kellum notes that the state court petition was filed by an attorney with the law office of Michael P. McDonald, a "captive law firm for Nationwide Insurance Company of America." [#16 at 1.]  The Health Plan filed a motion to intervene as a defendant in the state court action on January 10, 2020.  That motion was granted, and the Health Plan removed the case to this Court and filed its Answer, Counterclaim against plaintiffs, and a Crossclaim against defendant Nationwide. Plaintiffs did not respond to the counterclaim, and Nationwide has not responded to the crossclaim.

The Health Plan filed a combined motion for summary judgment on its subrogation lien and default judgement on May 12, 2020. [#9.] No party filed a response. This Court, after full consideration of the motion, granted summary judgment to the defendant Health Plan, and now plaintiff Kellum has moved for reconsideration. Notably, at the plaintiffs were not represented by counsel when they filed their petition. Although the petition filed in state court was signed by the plaintiffs,[1] it was apparently authored by counsel for defendant Nationwide.  Counsel for plaintiff Barbara Kellum only entered an appearance in this case on July 31, 2020.

**II.     Factual Background**

The following facts are undisputed. The decedent, Mychal Byrd, was a covered person under the Health Plan when he was injured in a motor vehicle accident. The

---

[1] The minor plaintiffs signed through their next friends or legally appointed guardian.  Notably, the two Next Friends filed consents with the state court petition.

2

Health Plan paid out $474,218.24 pursuant to the terms of the Plan. The Health Plan contains a section entitled "THIRD PARTY RECOVERY, SUBROGATION AND REIMBURSEMENT," which provides, in pertinent part, as follows:

> The Plan, in its sole discretion, may elect to conditionally advance payment of benefits in those situations where an injury, sickness, disease or disability is caused in whole or in part by, or results from the acts or omissions of Plan Participants, and/or their dependents, beneficiaries, estate, heirs, guardian, personal representative, or assigns (collectively referred to hereinafter in this section as "Plan Participant(s)") or a third party, where any party besides the Plan may be responsible for expenses arising from an incident, and/or other funds are available, including but not limited to no-fault, uninsured motorist, underinsured motorist, medical payment provisions, third party assets, third party insurance, and/or guarantor(s) of a third party (collectively "Coverage").

The terms of the Health Plan further provide as follows:

> By accepting benefits the Plan Participant(s) agrees the Plan shall have an equitable lien on any funds received by the Plan Participant(s) and/or their attorney from any source and said funds shall be held in trust until such time as the obligations under this provision are fully satisfied. The Plan Participant(s) agrees to include the Plan's name as a co-payee on any and all settlement drafts.

The terms of the Health Plan require reimbursement to The Health Plan as follows:

> In the event a Plan Participant(s) settles, recovers, or is reimbursed by any Coverage, the Plan Participant(s) agrees to reimburse the Plan for all benefits paid or that will be paid by the Plan on behalf of the Plan Participant(s). If the Plan Participant(s) fails to reimburse the Plan out of any judgment or settlement received, the Plan Participant(s) will be responsible for any and all expenses (fees and costs) associated with the Plan's attempt to recover such money.

The Health Plan's terms expressly and specifically abrogate the common fund, make whole, and all other legal and/or equitable doctrines:

> The Plan shall be entitled to recover 100% of the benefits paid, without deduction for attorneys' fees and costs or application of the common fund doctrine, make whole doctrine, or any other similar legal theory, without regard to whether the Plan Participant(s) is fully compensated by his/her recovery from all sources.

The Health Plan's terms and conditions further provide as follows:

> Benefits paid by the Plan, funds recovered by the Plan Participant(s), and funds held in trust over which the Plan has an equitable lien exist separately from the property and estate of the Plan Participant(s), such that the death of the Plan Participant(s), or filing of bankruptcy by the Plan Participant(s), will not affect the Plan's equitable lien, the funds over which the Plan has a lien, or the Plan's right to subrogation and reimbursement.

The Health Plan's equitable lien also attaches to any wrongful death or survivorship claim:

> In the event that the Plan Participant(s) dies as a result of his or her injuries and a wrongful death or survivor claim is asserted against a third party or any Coverage, the Plan's subrogation and reimbursement rights shall still apply.

In addition, both Mr. Byrd (through plaintiff Kellum) and plaintiff Kellum expressly acknowledged and agreed to the subrogation and reimbursement rights of the Health Plan on an Accident Questionnaire dated August 30, 2018. In that document, they agreed to give the Health Plan an equitable lien and constructive trust over any and all monies to be received in relation to Mr. Byrd's motor vehicle accident.

Defendant Nationwide has agreed to tender $50,000 in policy limits to the plaintiffs. Nationwide acknowledged in the petition that the court should determine how much of the money "Healthscope Benefits is entitled to pursuant to their lien." [#5 at ¶ 9a.] Healthscope Benefits was a third-party administrator the Health Plan, but it was not

4

named in the petition as a party.  The Health Plan intervened, filed crossclaims and counterclaims, removed the case to this Court, and filed for summary judgment.  Months passed with neither plaintiffs nor defendant Nationwide responding to the Health Plan's crossclaim, counterclaim, and motion.  After full consideration of the motion for summary judgment, this Court granted the motion.

### III.     Motion for Reconsideration

Plaintiff Kellum moves this Court to either (1) vacate this Court's grant of summary judgment and to remand the case back to Missouri State Court to correct jurisdictional and procedural issues, or (2) allow plaintiff to file responsive pleadings to the Counterclaim and respond to the Motion for Summary judgment.

Neither party sets forth the standard for a motion for reconsideration, and plaintiff did not cite to a Federal Rule of Civil Procedure.  Such motions are typically made pursuant to Rule 60(b), which states as follows:

> **Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>     (1) mistake, inadvertence, surprise, or excusable neglect;
>     (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>     (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>     (4) the judgment is void;
>     (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>     (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

5

Plaintiff does not explain which reason under Rule 60(b) applies to her motion. Plaintiff filed two motions for extensions of time to seek reconsideration of the order granting summary judgment to the Health Plan, *pro se*, and she appeared to explain her attempts to find counsel, and she suggested that a Clerk's Office employee told her she would be advised of any Court dates [#11, #13]. Although her new attorney does not explain any of this in the motion, the Court extrapolates from the then-*pro se* plaintiff's motions for extensions of time that she seeks relief due to mistake, inadvertence, surprise, or excusable neglect under Rule 60(b)(1).

Moving on to the substance of plaintiff's motion to reconsider, first, plaintiff argues that the Health Plan does not have standing under ERISA to bring its Counterclaim and Crossclaim for reimbursement. That is, she argues the Health Plan is not even entitled to bring a lawsuit for the relief this Court has granted. The Health Plan sought equitable relief under 29 U.S.C. § 1132(a)(3). That section states that a civil action for enforcement may be brought

> by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;

29 U.S.C. § 1132(a)(3). Plaintiff contends that the Health Plan is not a participant, beneficiary, or fiduciary, relying on the United States Supreme Court's definition of "fiduciary" as follows:

> The statute provides that not only the persons named as fiduciaries by a benefit plan, see 29 U.S.C. § 1102(a), but also anyone else who exercises

6

>discretionary control or authority over the plan's management, administration, or assets, see § 1002(21)(A), is an ERISA "fiduciary."

*Mertens v. Hewitt Associates*, 508 U.S. 248, 251 (1993). The Health Plan's instrument, which it attached to its Answer and Crossclaim and Counterclaim in this case, states that the "Plan Administrator" and "Named Fiduciary" is Gilster-Mary Lee Corporation. Plaintiff further states that the plan instrument does not give the Health Plan any discretionary control or authority, and that rather those powers are reserved to the "Plan Administrator." Further, plaintiff notes that the entity seeking relief is the collection arm of the third-party administrator for the Plan, and not the Health Plan or "named fiduciary," Gilster-Mary Lee Corporation.

Although plaintiff points out that the "named fiduciary" here is not the named intervenor in the case, the *Mertens* case makes clear that a fiduciary can be "anyone else who exercises discretionary control or authority over the plan's management, administration, or assets." *Id.* Further, the documents cited by plaintiff state that the Health Plan paid medical claims incurred by Mychal Byrd as a result of the motor vehicle accident, and that plaintiff signed a subrogation/reimbursement of rights agreeing that the Plan would have right of first reimbursement from any recovery. It is unclear how, in the face of these documents, the Health Plan is not a fiduciary under Section 1132.

Moreover, as the Health Plan points out, plaintiff Kellum also assigned subrogation and reimbursement rights to the Health Plan. Thus, it argues, the Health Plan has standing to recover under either that contract or ERISA.

7

Next, plaintiff argues that the language of the plan instrument provides that the fiduciary can only seek reimbursement from a "Plan Participant." Because the "Plan Participant" here was Mychal Byrd, and because the underlying action in this case is a statutory wrongful death action brought by Byrd's survivors, plaintiff says the Health Plan cannot recover. This Court addressed that matter in its earlier Memorandum and Order:

> The Health Plan's equitable lien also attaches to any wrongful death or survivorship claim:
>
>> In the event that the Plan Participant(s) dies as a result of his or her injuries and a wrongful death or survivor claim is asserted against a third party or any Coverage, the Plan's subrogation and reimbursement rights shall still apply.

[#10 at 3.] Plaintiff's citation to *American Family Mutual Insurance v. Ward*, 774 S.W.2d 135, 136-37 (Mo. *banc* 1989) is distinguishable because that case pertained to a hospital lien and did not involve ERISA. As the Eighth Circuit noted, "the comprehensive civil remedies in § 502(a) of ERISA, 29 U.S.C. § 1132(a), completely preempt state law remedies." *Lyons v. Philip Morris Inc.*, 225 F.3d 909, 912 (8th Cir. 2000) (citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 52–56 (1987). Therefore, plaintiff's reliance on Missouri's wrongful death statute is misplaced.

Finally, plaintiff argues that the state court action was "highly irregular marked by violations of Rules of Civil Procedure, jurisdictional questions and perhaps most egregiously, violations of the Missouri Rules of Professional Conduct governing attorneys dealing with unrepresented individuals." [#16 at 4.] Although plaintiff notes

8

that she did not sign the petition filed in state court, she does not deny that she participated in filing the state court action. She merely did so as an unrepresented person. Moreover, it does appear that plaintiff Kellum—and indeed, all the plaintiffs including the minors' representatives—signed the petition.

Critically, plaintiff does not allege that the Health Plan was at fault for any procedural irregularity that may have existed before the Health Plan's intervention into the state court action. The Health Plan sought to intervene, did so, and then removed the case to this Court. Rather than move for remand or otherwise engage in the lawsuit, plaintiff did nothing until after summary judgment was granted. She did not answer the Health Plan's Counterclaim, and she did not respond to the motion for summary judgment or for default judgment. It appears that plaintiff Kellum's real complaint, if any, is against Nationwide, for procedures it engaged in in the filing of the state court petition and prosecution of that case.

Plaintiff has not established this Court wrongly decided the Health Plan's motion for summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Barbara Kellum's motion for reconsideration [#15] is DENIED.

Dated this  8th  day of October, 2020.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

9