## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| **BARBARA KELLUM, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 1:20-cv-23-SNLJ |
| ) | |
| **NATIONWIDE INSURANCE COMPANY** ) | |
| **OF AMERICA, and GILSTER-MARY LEE** ) | |
| **CORPORATION GROUP HEALTH** ) | |
| **BENEFIT PLAN,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Nationwide Insurance Company of America's "Motion for Interpleader Deposit" [#34].

On July 29, 2018, plaintiffs' decedent Mychal Byrd sustained fatal injuries in a vehicle accident when an unknown, uninsured driver allegedly forced Mr. Byrd off the road. At the time, Mr. Byrd was operating a vehicle insured by defendant Nationwide, which provided uninsured motorist coverage totaling $50,000. Mr. Byrd's mother, plaintiff Barbara Kellum, and several other plaintiffs filed this lawsuit in state court in order to win approval of a settlement between the plaintiffs—the statutory wrongful death beneficiaries under § 537.080 RSMo—and Nationwide for the policy limits.

However, Gilster-Mary Lee Corporation Group Health Benefit Plan filed a motion to intervene in the wrongful death action as a new party-defendant to assert a subrogation lien over the proceeds of any settlement. The "Health Plan" had provided Mr. Byrd's

health care coverage and alleged it spent over $400,000 in medical expenses as a result of the accident. The Health Plan thus sought to recover the $50,000 in insurance coverage for itself.

This Court granted summary judgment to the defendant Health Plan on July 13, 2020. The motion was granted after consideration of the defendant Health Plan's unopposed motion. On July 31, 2020, plaintiff Barbara Kellum filed a motion for reconsideration, but that motion was denied. The plaintiffs then attempted to appeal the matter to the Eighth Circuit Court of Appeals, but the Court of Appeals dismissed the appeal for lack of jurisdiction. The case is now back before this Court.

Defendant Nationwide filed a "First Motion for Interpleader Deposit" [#34] on May 19, 2021. Nationwide asserts that it has no actual interest in or claim to the $50,000 in dispute and cannot determine to whom the $50,000 should be paid. Nationwide thus wishes to deposit the $50,000 with the Court and receive a discharge of liability regarding the disputed claim.

Plaintiff Kellum objects to the motion. First, she argues, Nationwide has not properly brought a claim for interpleader before the Court. To do so, Nationwide must either bring a claim under 28 U.S.C. § 1337 or a crossclaim or counterclaim under Federal Rule of Civil Procedure 22.

Second, plaintiff points out that the proper parties to an interpleader claim are not presently before the Court.

Third, plaintiff contends that Nationwide must add interest to any deposit with the Court before being eligible for a discharge of liability.

Notably, defendant Nationwide did not file a reply memorandum, and the time for doing so has passed.

Because this Court finds that defendant Nationwide's interpleader claim is not properly before this Court, the motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Nationwide's motion for interpleader deposit [#34] is DENIED.

Dated this  6th  day of October, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE