UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| **BARBARA KELLUM, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 1:20-cv-23-SNLJ |
| ) | |
| **NATIONWIDE INSURANCE COMPANY** ) | |
| **OF AMERICA, and GILSTER-MARY LEE** ) | |
| **CORPORATION GROUP HEALTH** ) | |
| **BENEFIT PLAN,** ) | |
| ) | |
| **Defendants.** ) | |

## **MEMORANDUM and ORDER**

This matter is before the Court upon receiving a proposed judgment and an objection thereto. Defendant/interpleader plaintiff Nationwide Insurance Company of America objects to Gilster-Mary Lee Corporation Group Health Benefit Plan's inclusion of pre-judgment interest in the proposed judgment. Gilster-Mary Lee filed a belated response to Nationwide's objection, supporting its request for pre-judgment interest. This Court ordered additional briefing on the matter.

This Court has federal question jurisdiction over this matter, as this case is governed by the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq.. This Court has discretion to award prejudgment interest in federal question cases if the damages were "previously liquidated" or an award of prejudgment interest is "necessary to make the plaintiff whole." *See Hollenbeck v. Falstaff Brewing Corp.*, 605 F. Supp. 421, 435 (E.D. Mo.1984), *aff'd*, 780 F.2d 20 (8th Cir. 1985). In

addition, ERISA specifically authorizes the Health Plan, as a fiduciary, to obtain all appropriate equitable relief. *See* 29 U.S.C. § 1132(a)(3).

Gilster-Mary Lee argues that equitable relief in this case should include an award of prejudgment interest. Although Nationwide says such relief isn't allowed, Nationwide cites no caselaw to support its argument. In fact, the Eighth Circuit has concluded that prejudgment interest awards are permitted under 29 U.S.C. § 1132(a)(3) and that the Missouri statutory interest rate, § 408.020 RSMO, applies. *Dependahl v. Falstaff Brewing Corp.*, 653 F.2d 1208, 1219 (8th Cir. 1981). *Dependahl* involved an ERISA claim brought by ERISA plan participants who were denied contractual severance benefits; in awarding pre-judgment interest, the court noted that defendant had continued to have use of the money that was not paid to the plaintiffs, and that the exact amount of the liability on the plans was not in question. *Id.* The court held that, under those circumstances, "an award of prejudgment interest is necessary in order that the plan participants obtain 'appropriate equitable relief.'" *Id.* (quoting 29 U.S.C. § 1132(a)(3)(B)). As for the question of the interest rate to be applied, the Eighth Circuit concluded,

> In the interests of uniformity, we therefore hold that while federal law governs the issue of interest and its rate, state law should be incorporated in the determination of the proper rate to be allowed, once an independent finding is made concerning whether any prejudgment interest should be awarded.

653 F.2d at 1219.

2

This case involves a subrogation claim over uninsured motorist coverage proceeds that would otherwise have been paid to the decedent's beneficiaries. In a similar case, a district court held that a health benefit plan was entitled to a constructive trust on approximately $91,000 of a $100,000 insurance settlement related to a motor vehicle accident under ERISA. *Givens v. Wal-Mart Stores, Inc., et al.*, 327 F. Supp. 2d 1063, 1067 (D. Neb. 2004). Citing *Dependahl*, the district court observed that it could award prejudgment interest to the health benefit plan, but the court declined to award any interest (which would have been paid in that case by the injured plan participant and not the insurance company). *Id.* Notably, the *Givens* court also declined to award attorney's fees, citing a lack of bad faith and that plaintiff's limited ability to pay. *Id.*

Gilster-Mary Lee states that it should be awarded prejudgment interest because Nationwide has had the benefit of retaining the $50,000 in insurance proceeds despite knowing that that money was payable to either plaintiffs or Gilster-Mary Lee. Nationwide's first attempt to deposit the funds into the Court's registry did not occur until May 19, 2021. Plaintiffs objected due to certain procedural and substantive defects, including that Nationwide had not filed a crossclaim for interpleader and that Nationwide was required to add interest to any deposit with the Court before it could be eligible or a discharge of liability. This Court denied Nationwide's motion for interpleader deposit [Doc. 42]. Nationwide filed a crossclaim for interpleader and a motion to deposit funds on October 14, 2022 and December 20, 2022, respectively. This Court granted the motion to deposit funds on January 4, 2023, and Court records show that the money was

3

deposited with the Court's registry on February 2, 2023.  The $50,000 deposit has been earning interest between $190-$220 per month and now totals nearly $50,900 --- amounting to an approximate 4.9% rate of interest.

According to Gilster-Mary Lee, the claim covered by the Nationwide policy accrued on July 29, 2018.  Nationwide finally deposited the $50,000 policy amount into the Court's registry on February 2, 2023.  Nationwide thus enjoyed the time-value of that $50,000 for those four and a half years, and this Court is inclined to make Gilster-Mary Lee whole by allowing for prejudgment interest.  Gilster-Mary Lee requests Missouri statutory 9% interest be awarded from July 29, 2018 through the date Nationwide deposited the $50,000 into the Court's registry, and Gilster-Mary Lee represents that amount totals $21,750.  This Court will order that Nationwide pay to Gilster-Mary Lee $21,750 as prejudgment interest and will apply the 5.35 % post-judgment interest rate to the sum of $21,750 pursuant to 28 U.S.C.  § 1961(a).

No party addressed the matter of costs despite this Court's request.  The issue will thus be deemed abandoned, and this Court declines to order that the parties pay Gilster-Mary Lee's costs.

Accordingly,

IT IS HEREBY ORDERED that a separate judgment will issue in accordance with this memorandum and order.

IT IS FURTHER ORDERED that Gilster-Mary Lee's motion to dismiss its remaining counterclaims and crossclaim [Doc. 70] is GRANTED.

Dated this 27th day of July, 2023.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE